Gelb v. Cole

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York  the 17th day of January, two thousand thirteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
                        *Circuit Judges*.
             LAWRENCE E. KAHN,[*]
                        *District Judge*.
_____

LARRY S. FRANKEL, as Legal Guardian for JEROME FRANKEL,
LILLIAN COWAN, BARBARA BROWN,

                            *Plaintiffs-Appellees*,

BERNARD GELB, UNCLAIMED PROPERTY RECOVERY
SERVICES, INC., as individuals and as Class Representatives,

                            *Appellants*,
                 -v.-                                    No. 11-3423-cv

JAMES B. COLE, JOSEPH SCALFANI, JOSEPH LIFRIERI,
WILLIAM J. MORAN, WILLIAM H. McDAVID, D'ARCY LECLAIR,
JAMES W. ZEIGON, BARRY MACKLIN, ROBERT MACCALISTER,
E. VAN VALEN, F. ANGELO, C. BRAUN, J.P. MORGAN CHASE &  CO.,
CHASE MANHATTAN BANK, N.A., CHASE MANHATTAN CORPORATION,
CHASE BANK OF TEXAS, N.A., CHASE SECURITIES PROCESSING CORPORATION,

                            *Defendants-Appellees*.
_____

_____

[*] The Honorable Lawrence E. Kahn, United States District Court for the Northern District of New York, sitting by designation.

Appearing for Appellant:     Paul Batista, New York, NY

Appearing for Appellees:     Norman A. Kaplan, Law Offices of Norman A. Kaplan, Great Neck, NY, *for Appellees Larry S. Frankel, as Legal Guardian for Jerome Frankel, Lillian Cowan and Barbara Brown*.

Paul C. Curnin, Simpson Thacher & Bartlett LLP (Linton Mann III, *on the brief*), New York, NY, *for Appellees J.P Morgan Chase & Co., Chase Manhattan Bank, N.A., Chase Manhattan Corporation, Chase Bank of Texas, N.A., Chase Securities Processing Corp.*

Appeal from the United States District Court for the Eastern District of New York (Amon, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellants Bernard Gelb and Unclaimed Property Recovery Services, Inc. (together, "Gelb") appeal from the July 26, 2011 memorandum and order of the United States District Court for the Eastern District of New York (Amon, *J.*) denying their motion to intervene, and the July 26, 2011 memorandum and order of the same court (1) granting class certification; (2) approving a class settlement agreement; (3) awarding class counsel attorneys' fee; (4) awarding incentive payments to class representatives; and (5) dismissing the complaint with prejudice. The plaintiffs-appellees have moved to dismiss Gelb's appeal for lack of appellate jurisdiction and failure to properly specify the order being appeal from.  We assume the parties' and Gelb's familiarity with the underlying facts, procedural history, and specification of issues for review.

The pending motion to dismiss the appeal for lack of standing is denied, as we find Gelb has standing to the extent he appeals from (1) the district court's ruling finding he lacked standing to object to the settlement, *cf. Devlin v. Scardelletti*, 536 U.S. 1, 9-10 (2002) (according nonnamed class members who timely object to class settlement standing to appeal); and (2) standing to appeal the district court's denial of his motion to intervene, *see Sahu v. Union Carbide Corp.*, 548 F.3d 59, 65-66 (2d Cir. 2008).

The district court correctly determined Gelb lacked standing to object to the proposed settlement.  Gelb is plainly not a party to the litigation, having voluntarily chosen to withdraw; and he is not a class member.  In short, he has no interest implicated here.  Any claims Gelb may have can be brought in state court. Nor did the district court abuse its discretion in finding Gelb's motion to intervene untimely.  The decision whether to deny a motion to intervene on the ground that it is untimely is committed to the sound discretion of the district court. *United States v. Yonkers Bd. of Educ*., 801 F.2d 593, 594-95 (2d Cir. 1986). "Among the circumstances generally considered are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *United States v. Pitney Bowes*, Inc., 25 F.3d 66, 70 (2d Cir. 1994).  Here, the district court ordered that any motion to intervene following the fairness hearing must be made

by June 3, 2011; Gelb did not make his motion until July 14, 2011, and the court concluded that he had provided no sufficient explanation for his tardiness.  The district court properly determined none of the *Pitney Bowes* factors favored allowing Gelb to intervene.

We have examined the remainder of Gelb's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk